# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SYLVIA GOINS

VERSUS

M & L INDUSTRIES, L.L.C.

NO. 2026 CW 0043

**JULY 30, 2026**

---

In Re:    M & L Industries, LLC, applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 199195.

---

**BEFORE:  THERIOT, LANIER, MILLER, EDWARDS, AND FIELDS, JJ.**

**WRIT GRANTED.** The trial court's December 9, 2025 judgment, which denied the motion for summary judgment filed by defendant, M&L Industries, LLC, is reversed. A motion for summary judgment shall be granted where the evidence demonstrates that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). In order to prove a merchant is liable for damages because of a fall due to a defective condition existing on the merchant's premises, a claimant shall have the burden of proving:  (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.; See La. R.S. 9:2800(B); **Nash v. Rouse's Enterprises, LLC**, 2015-1101 (La. App. 1st Cir. 2/26/16), 191 So.3d 599, 601. While there is some overlap, because a claim under La. R.S. 9:2800.6 is a negligence claim, these "other elements" are duty, breach, cause in fact, risk and harm within the scope of duty, and actual damages. **Bonano v. Docar Sales, Inc.**, 2024-0195 (La. App. 1st Cir. 10/22/24), 405 So.3d 886, 892-93, writ denied, 2025-0011 (La. 4/1/25), 404 So.3d 653. Additionally, when seeking relief, the existence of the defect may not be inferred solely from the fact that an accident occurred; rather, the plaintiff must prove that a defect existed and that the defect caused the plaintiff's damages. See **Id.** at 891. Under this heavy burden of proof, if any one of these elements cannot be established, the claimant's entire action will fail. **Nash**, 191 So.3d at 601.  Plaintiff, Sylvia Goins, has failed to meet her burden of establishing the defect which she alleges caused her fall in that she fails to identify precisely what condition in the premises caused her to fall and how that condition constituted a defect. Accordingly, the motion for summary judgment is granted, and the claims of plaintiff, Sylvia Goins, against defendant, M&L Industries, LLC, are dismissed with prejudice.

**WIL**
**SMM**
**BDE**

**Theriot, J.**, concurs.

**Fields, J.**, dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
  FOR THE COURT